IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff / Counter-Defendant, | ) ) |
| v. | ) )   CIVIL ACTION 09-0271-WS-C |
| JOSEPH R. PAGE, *et al.*, | ) ) ) |
| Defendants / Counter-Plaintiffs. | ) |

**ORDER**

This matter comes before the Court on Defendants' Motion to Stay and/or to Continue Submission of Motion for Summary Judgment Pending Completion of Discovery (doc. 29). Plaintiff has filed a Response (doc. 30) in opposition to this request.

On May 14, 2009, plaintiff, State Farm Fire and Casualty Company ("State Farm"), filed a Complaint for Declaratory Judgment (doc. 1) against defendants, Joseph and Toni Page (the "Pages"). The Complaint concerns a policy of homeowners' insurance issued by State Farm to the Pages in September 2008, providing coverage for their residence in Atmore, Alabama, for loss due to fire and certain other perils. According to the Complaint, the Pages made a claim under this policy in October 2008, after their home was damaged by fire. State Farm contends that the Pages refused to cooperate with its investigation or to comply with their contractual duties after loss, which included submission to an examination under oath as often as State Farm may reasonably require. Because of the Pages' alleged failure and refusal to submit to examination under oath upon request, State Farm seeks a declaratory judgment that the Pages materially breached the contract of insurance and that State Farm has no duty and no liability under the policy to pay any claims to the Pages relating to the October 2008 fire loss. For their part, the Pages have brought Counterclaims (doc. 9) against State Farm for breach of contract and bad faith denial of insurance benefits, alleging *inter alia* that they had provided State Farm with all information in their possession concerning the fire.

On August 24, 2009, Magistrate Judge Cassady entered a Rule 16(b) Scheduling Order (doc. 19) that established a discovery completion date of March 31, 2010 and a dispositive motion filing deadline of April 13, 2010. On November 17, 2009, long before these established deadlines, State Farm filed its Motion for Summary Judgment (doc. 23). State Farm's position is that it is entitled to summary judgment on all claims joined in this proceeding because the undisputed facts show that the Pages materially breached their duties under the policy by refusing to submit to examinations under oath when reasonably requested to do so by State Farm. In their Motion to Stay and/or Continue, the Pages seek to defer the briefing and disposition of State Farm's summary judgment motion until such time as they have taken certain discovery.

In support of their request to delay adjudication of the motion for summary judgment, the Pages invoke Rule 56(f), Fed.R.Civ.P., which provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." *Id.* This rule is "infused with a spirit of liberality." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989); *see also Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (same). The grant or denial of a continuance under Rule 56(f) lies within the sound discretion of the trial court. *See Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989).

Notwithstanding the discretionary nature of a Rule 56(f) request for continuance, several black-letter markers inform the exercise of that discretion. For instance, the law of this Circuit is well-defined that "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (citations omitted); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *Baucom v. Sisco Stevedoring, LLC*, 506 F. Supp.2d 1064,

1067 n.1 (S.D. Ala. 2007) (reciting general rule).  Simply put, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials."  *Snook*, 859 F.2d at 870.  Where district courts have failed to abide by these principles, the appellate court has not hesitated to find an abuse of discretion.  *See, e.g., Jones*, 120 F.3d at 253 (district court abused its discretion in deciding summary judgment motion where plaintiffs never had opportunity to examine requested documents or to depose defendant's witnesses); *Dean*, 951 F.2d at 1213-14 (district court abused discretion by granting summary judgment for defendant without ruling on plaintiff's motion to compel, such that summary judgment ruling was made on potentially inadequate record).[1]

Additionally, it is clear that something more than a cursory citation to Rule 56(f) is needed before a party may be granted relief thereunder.  In particular, "[t]he party seeking to use rule 56(f) may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."  *Reflectone*, 862 F.2d at 843 (citations and internal quotations omitted).[2]  "If the district court is dissatisfied with the nonmovant's explanations as to

---

[1] That said, the critical inquiry is not whether the discovery period has been completed, but merely whether the parties have had an adequate opportunity for discovery.  *See, e.g., Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) ("The district court is not required to await the completion of discovery before ruling on a motion for summary judgment. ... Before entering summary judgment the district court must ensure that the parties have an adequate opportunity for discovery.").  Indeed, it is expected that "district judges will be open" to summary judgment motions filed "at an early stage of the litigation if the moving party clearly apprises the court that a prompt decision will likely avoid significant unnecessary discovery."  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188 (11th Cir. 2005); *see also Reflectone*, 862 F.2d at 843-44 (declining to adopt a *per se* rule prohibiting the granting of summary judgment motions before discovery).

[2] Although Rule 56(f) on its face requires the party invoking that rule to make a showing by affidavit, the Eleventh Circuit has relaxed that requirement, and has deemed sufficient a written representation of counsel that pending, missing or contemplated discovery is essential to justify its opposition to the summary judgment motion.  *See, e.g., Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990) ("This circuit recognizes that the

why he cannot rebut the movant's motion for summary judgment, it may refuse to stay consideration of the motion."  *Barfield*, 883 F.2d at 932.

Here, the Pages' position is straightforward.  They anticipate grounding their opposition to the summary judgment motion on the theory that State Farm's request for examination under oath was unreasonable under the circumstances.  On its face, the policy language in question only obliged the Pages to submit to examinations under oath "[a]s often as [State Farm] reasonably require[s]."  So if there are genuine issues of fact concerning the reasonableness of State Farm's request, the Pages reason, there may be genuine issues of fact concerning whether the Pages are in breach of their duties under the policy, which in turn would preclude entry of summary judgment for State Farm.  According to the Pages, they cannot develop this argument properly on summary judgment without first reviewing certain documentation in State Farm's sole possession, including, *inter alia*, the claim file, claims manual, and applicable policies and procedures concerning examinations under oath.  To that end, the Pages show, they served interrogatories and requests for production of documents on State Farm on November 20, 2009.  Those written discovery requests include items that are reasonably calculated to yield information bearing on the Pages' reasonableness argument.[3]

Based on the Pages' Rule 56(f) showing, the Court agrees that they have not had an

---

interests of justice sometimes require postponement in ruling on a summary judgment motion, although the technical requirements of Rule 56(f) have not been met.").

[3] For its part, State Farm characterizes the Pages' efforts as a "fishing expedition" that will cause an "undue waste of time and resources" because the Pages "have not explained what additional facts" they will obtain through their discovery endeavors.  (Doc. 30, at 4.)  The Court disagrees.  State Farm has asked this Court to declare that the Pages materially breached a policy provision requiring them to appear for examinations under oath as often as State Farm may reasonably require.  Therefore, the reasonableness of State Farm's request appears legitimately at issue.  Review of the claim file (to show what State Farm knew and what outstanding questions and concerns it had about the Pages' claim that might warrant examination under oath) and State Farm's policies and procedures (to show the circumstances under which State Farm directed or authorized its personnel to conduct examinations under oath) would be of obvious relevance to the Pages in constructing a reasonableness argument on summary judgment.  Given the potential significance of the requested materials to the issues raised on summary judgment, the Court will not pretermit the Pages' discovery investigation merely because State Farm is eager to bring this lawsuit (which State Farm initiated) to a head today.

opportunity to conduct adequate discovery and that it would be improper and inequitable under the circumstances to force them to respond to the summary judgment motion without the benefit of such discovery.  For that reason, and without expressing any opinion as to the merits or viability of the Pages' reasonableness defense, the Court exercises its discretion in favor of granting the Pages' Rule 56(f) Motion.[4]

In light of the foregoing, it is **ordered** as follows:

1. Defendants' Motion to Stay and/or Continue Submission of Motion for Summary Judgment (doc. 29) is **granted**, and consideration of State Farm's pending Motion for Summary Judgment (doc. 23) is **continued** for a period of **60 days** to afford defendants an adequate opportunity to conduct discovery.[5]

2. Pursuant to that ruling, the Order (doc. 27) entered on November 17, 2009 is **amended** to provide that any party opposing State Farm's Motion for Summary Judgment must respond on or before **February 15, 2010**, with any replies due by

---

[4] The parties devoted substantial space in their Rule 56(f) briefs to a "dry run" of legal arguments concerning (1) whether the examination under oath clause of the State Farm policy is a condition precedent to recovery of insurance proceeds and (2) whether the reasonableness question is one for the Court or for the finder of fact.  These issues need not be addressed to resolve the Rule 56(f) issue and will not be evaluated at this time.  To the extent the parties wish to litigate them, these questions should be presented in their summary judgment briefs, rather than memoranda concerning a discrete procedural issue distinct from the merits of the case.

Furthermore, the Court cautions defense counsel to avoid excessive reliance on lengthy block quotations, which span multiple pages of the Pages' Rule 56(f) memorandum at a time, often with minimal discussion.  Block quotes are to be used sparingly.  A brief is unhelpful if it degenerates into a mere stringing together of lengthy, undifferentiated passages from other authorities, with minimal comment or analysis as to the points for which those excerpts are being cut and pasted or their application to the case at bar.  As a general proposition, the Court is far more interested in counsel's application of authorities to this dispute than a wholesale reproduction in a vacuum of another court's words in another case.

[5] To avoid the near-certainty of judicial intervention and hair-splitting exercises as to which discovery questions formulated by the Pages are permissible and which are off-limits, the Court does not impose any subject-matter restraints on the scope of the discovery that defendants may take, beyond those established generally by the Federal Rules of Civil Procedure.  It therefore will not be a valid basis for refusing to respond to discovery that the information sought exceeds the parameters of topics addressed in this Order.

      no later than **March 1, 2010**.  If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled.  Otherwise, the Motion for Summary Judgment will be taken under submission after March 1, 2010.

3. Given the discrete categories of information identified by the Pages in their Rule 56(f) Motion, and the fact that written discovery requests embracing these topics were issued to State Farm nearly three weeks ago, the Court does not anticipate that further enlargements of summary judgment briefing deadlines will be necessary to accommodate defendants' already-underway discovery efforts.  The parties must use this time wisely.

DONE and ORDERED this 10th day of December, 2009.

                                            s/ WILLIAM H. STEELE  
                                            UNITED STATES DISTRICT JUDGE